ANIASCO, FLORENTINO et al. v. AHU-KINI TERMINALS, LIMITED, et al.

Civ. A. No. 628.

District Court, Hawaii.
May 10, 1948.

Gladstein, Anderson Resner & Sawyer, of San Francisco, Cal., and Bouslog & Symonds, of Honolulu, T. H., for movants.

Ray J. O'Brien, U. S. Atty., for District of Hawaii, E. C. Moore and Noel A. Troy, all of Honolulu, T. H., and Rufus G. Poole, of Washington, D. C. (Pratt, Tavares & Cassidy, of Honolulu, T. H., of counsel), for defendant Ahukini Terminals, Ltd.

McLAUGHLIN, Judge.

This is a Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., case instituted on November 14, 1945, seeking recovery for unpaid overtime compensation for six years prior to that date.

Subsequent to the passage of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., on February 13, 1948, numerous individuals moved, in conformity to Section 8 of that Act, for permission to be-

come parties plaintiff to the action and on March 5, 1948, additional individuals also moved upon the same basis for identical permission.

Both motions are resisted, while the proponents thereof claim that having complied with Section 8 of the Portal-to-Portal Act by having filed their written consents with their motions, they are eligible to become parties plaintiff, though their recovery be limited to a period subsequent to the date of their motions.

Reserving for later determination the question of the constitutionality of Section 8 of the Portal-to-Portal Act, it is for present purposes assumed to be constitutional.

 The motions are without merit. The moving parties failed prior to 120 days subsequent (September 11, 1947) to the date of the enactment of the Portal-to-Portal Act (May 14, 1947) to avail themselves of the benefits of Section 6(c) of the Act. Relying now therefore upon Section 8, it is of course true that for the purposes of determining the movants' position the action is by the terms of this Section of the statute to be considered as having been commenced by these individuals upon the date when they filed their written consents to become parties plaintiff. These dates are the dates of the motions. However, that is not all that Section 8 provides. The first sentence of the Section is as important as the last sentence thereof above referred to and indicates that the second sentence of the Section is to be utilized in measuring and applying the provisions of the first sentence of Section 8. Therefore, as to these individuals having by the terms of Section 8 commenced their action on the two 1948 dates above stated, thereto must be applied, by reason of the first sentence of Section 8, the limiting provisions of Section 6(b) of the Portal-to-Portal Act.

By Section 6(b), actions are forever barred unless they are brought within the shorter of two periods of limitations: (1) two years after the cause of action accrued or (2) a shorter applicable State statute of limitation if it exists. Here we need not concern ourselves with the special Territorial statute of limitations for the obvious reason that as to these individuals to whom Section 8 makes Section 6(b) applicable the cause of action in the suit they wish to join accrued, as distinguished from when they commenced suit upon it, prior to November 14, 1945.

 In other words, contending that they are persons similarly situated with the original plaintiffs, these people seek to participate in a cause of action described in the complaint as having accrued prior to the date upon which it was filed, namely November 14, 1945, a date which is obviously, in terms of Section 6(b), prior to the date of the enactment of the Portal-to-Portal Act. Accordingly though these individuals have complied with Section 8, they have thereby made Section 6(b) applicable and by it they are barred from intervening at this time. They are by virtue of Section 8 of the Act not now persons similarly situated with the original plaintiffs for their recovery for the period covered by the suit is presently barred by their failure to intervene within the time limited by the Act. The argument that they should be allowed to join the suit now but have their recovery limited to a period subsequent to the date of their motions does not have merit, for it assumes, in error, that the original parties may recover also for a period subsequent to the date of the complaint and to the date of any judgment.

The conclusion reached here finds support in the Conference Committee Report (pp. 13-14) as to the meaning and objective of Section 8, and also in the administrative interpretation given to that Section by the Wages and Hours Administrator's statements as to his interpretation of the effect of the Portal-to-Portal Act. See 12 F.R. 7655, part 790.20.

On the basis of the above indicated interpretation of Section 8 of the Portal-to-Portal Act, the motions are denied. An order dismissing them will be signed on presentation.